IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Richard Allen, | : | |
| Plaintiff | : | Civil Action 2:11-cv-0764 |
| v. | : | Judge Smith |
| Midwest First Star, Inc., | : | Magistrate Judge Abel |
| Defendant | : | |

## Discovery Dispute Conference Order

On September 14, 2012, counsel for the parties participated in a telephone discovery dispute conference with the Magistrate Judge. During the conference, the following rulings were made.

EEOC age discrimination charges. Defendant agreed to produce age discrimination charges filed by other employees for 2008 through July 2010. Plaintiff Richard Allen's employment was terminated July 13, 2010. During the conference, defendant agreed to produced any age discrimination charges filed after July 2010 related to Allen's supervisor. Further, it is ORDERED that defendant produce any age discrimination charges filed after July 2010 that alleged age discrimination before the end of July 2010.

Store profitability. Plaintiff seeks financial information about the profitability of all of defendant's stores. Defendant produced financial information about the profitability of the Circleville store Mr. Allen managed. Defendant argued that many of the

stores are not comparable, that many different factors determine whether a store's profitability meets expectations. It is ORDERED that defendant produce financial information about the gross sales and net profits of all the stores from August 2008 through July 2010. The information is arguably relevant or may lead to relevant information. This ruling does not preclude defendant from later arguing that particular information from a specific store is not relevant to evaluating the performance of the Circleville store.

<u>Successor manager's personnel file</u>. Defendant has produced the personnel file of the manager who replaced Mr. Allen.

<u>Work performance evaluations and disciplinary information of managers of other stores</u>. Defendant argues that this request is overbroad. While recognizing that some such information might be relevant, I conclude that plaintiff has failed to make a sufficient showing of relevance. For example, plaintiff points to no other manager of a comparable store who received a similar performance evaluation or received similar written discipline who was treated differently than he was. He points to no evidence that suggests that such performance evaluations or disciplinary information likely exitsts.

<u>Oral discipline</u>. Plaintiff received two written warnings. He seeks detailed information about oral warnings. Defendant's counsel stated that they have found no writings documenting oral warnings. Defendant does not know the specific dates and times oral warnings were issued. Plaintiff can obtain the information by deposing the

2

two people who supervised Mr. Allen during his employment as store manager.

It is ORDERED that defendant make a supplemental written response to the discovery request setting out the substance of the response made during the telephone conference.

<u>Communications about plaintiff's termination and conversations about him that took place after July 13, 2010</u>. Defendant's counsel said that they had found no documents reflecting such communications. If there were such oral communications, plaintiff's counsel can learn about them on deposition.

It is ORDERED that defendant's counsel ask the current officers and employees to identify the participants in any such communications regarding plaintiff and his termination and, if recalled, when the communications occurred. Then defendant should make a supplemental written response to the discovery request identifying the participants in the communications and, if known, the approximate date the communications took place.

<u>Employee interviews</u>. Defendant agreed to provide the names of any employees interviewed in any fact-finding/investigation leading up to Mr. Allen's termination.

**Discovery.** Counsel agreed to promptly exchange dates in October they are available for the depositions of plaintiff, Mr. Shaw, and Mr. Salmon.

s/Mark R. Abel<br>United States Magistrate Judge