IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Richard Allen, | : | |
| Plaintiff | : | Civil Action 2:11-cv-0764 |
| v. | : | Judge Smith |
| Midwest First Star, Inc., | : | Magistrate Judge Abel |
| Defendant | : | |

## Discovery Dispute Conference Order

On May 2, 2013, counsel for the parties participated in a telephone conference with the Magistrate Judge. Plaintiff's counsel sought responses to discovery requests made April 11, 2013. Defendants' counsel sought clarification of what documents were requested and the basis for requesting them less than 30 days before the deadline for completing all discovery.

Plaintiff's counsel said that during depositions taken in April, witnesses testified about the existence of documents not previously disclosed or produced by defendant. I indicated that the general rule is that all written discovery requests must be served at least 30 days before the deadline for completing all discovery. There may be exceptions for requests to supplement earlier responses to specific written discovery requests and to documents identified for the first time in a deposition taken in the month before the close of discovery that are necessary to clarify/support the deponent's testimony.

Several of the categories of documents were discussed. First, during Mr. Shaw's deposition plaintiff's counsel asked for the names of general managers he had terminated.

Mr. Shaw could not recall the names. Plaintiff's counsel will provide defendant's counsel with the transcript page(s) discussing this topic. Second, Mr. Shaw testified that as a store manager Allen received profit and loss reports, including targets for the store to meet. Defendant's counsel said that monthly profit and loss reports for the Circleville store have already been produced. She will provide the Bates numbers for those reports. However, plaintiff's counsel was not willing to limit the request to those reports. Counsel will further discuss exactly what documents plaintiff seeks. Finally, plaintiff served a third-party subpoena seeking documents supporting Gary Brooks' claim that his termination as a store general manager was based on his age. Defendant's counsel said that Brooks was terminated by Kerry Simon, but Allen was not. Plaintiff's counsel responded that Mr. Shaw, Midwest First Star's owner, was involved in most decisions to terminate general managers.

Defendant will respond to plaintiff's discovery requests on or before May 10, 2013. Counsel will call my office (614.719.3370) **May 23, 2013 at 10:30 a.m.** for a discovery dispute conference. Before the conference, they will email me (Abel_Chambers@ohsd.uscourts.gov) their communications to each other concerning the discovery dispute and any relevant discovery responses.

s/Mark R. Abel  
United States Magistrate Judge
