IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Richard Allen,                                    :

        Plaintiff                         :        Civil Action 2:11-cv-0764

v.                                                :        Judge Smith

Midwest First Star, Inc.,                         :        Magistrate Judge Abel

        Defendant                         :

## Discovery Dispute Conference Order

On June 20, 2013, counsel for the parties participated in a telephone conference with the Magistrate Judge. Three disputes were presented involving the following : (1) documents subpoenaed from fired store general manager Gary Brooks; (2) an action plan for Rushville store manager Dan Jenkins; and (3) the ages of crew members hired and fired at plaintiff Allen's store after his termination as general manager.  Each will be considered separately below.

**<u>Gary Brooks documents</u>.** Both plaintiff Allen and Gary Brooks maintain that they were fired as Hardee's restaurant general managers at the ultimate direction of Farooq Shah, the owner of defendant Midwest First Star, Inc. Brooks testified that operations manager Carri Simon told Brooks he was being fired because of his age. Brooks Dep. excerpt, p. 49. Plaintiff asserts that Simon testified that she fired Brooks because of his age. However, the Simon deposition excerpt offered by plaintiff does not say why Brooks was fired. Simon Dep. excerpt, pp. 48-49. Simon did testify that Shah told her to fire both Brooks and Allen, but that she fired Allen alone. She did not have a manager to replace Allen in

the Circleville store. *Id.* Plaintiff has served Brooks with a subpoena for documents related to his claim that he was fired because of his age.

Defendant argues that plaintiff has failed to demonstrate that the subpoena is "reasonably calculated to lead to the discovery of admissible evidence." Rule 26(b)(1), Fed. R. Civ. P. Defendant maintains that evidence regarding Brooks's age discrimination claim is "me to" evidence that is typically inadmissible. *Jones v. St. Jude Medical S.C.*, 823 F.Supp.2d 699, 734-35 (S.D. Ohio 2011). The only exception to "me to" evidence being inadmissable is when "the same actors, reasons, and circumstances were involved." *Id.* Here Brooks' supervisor at the time he was fired was Carri Simon, while Allen's supervisor witnesses Kauser Salman. Brooks worked in Dayton and Allen in Circleville. Brooks was terminated, without a prior warning, on grounds involving the financial performance of his store. Brooks Dep. excerpts, pp. 37 and 65. Allen was terminated, after at least one warning, on grounds related to cleanliness and food safety. *See,* Allen Dep. excerpt, plaintiff 98. Consequently, defendant argues, the circumstances surround their discharges from employment were substantially different. Plaintiff's argument that both were terminated because of their age, without reference to the circumstances of their terminations, is insufficient to demonstrate that the "me too" evidence will likely be admissible at trial.

While the evidence may not be admissible at trial, plaintiff has demonstrated a sufficient nexus between the two terminations to issue a subpoena for the documents in Brooks' possession. Both Brooks and Allen testified about a pattern of employment practice favoring younger over older employees. While Simon did not fire Allen, she testified that Shah asked her to do so. The fact that Salman later fired Allen does not make the

2

termination decisions so dissimilar as to preclude discovery of Brooks' documents related to his termination.

**Jenkins action plan.**

Plaintiff's counsel raised this issue during the June 20 telephone conference, but did not include it in his June 12 letter to plaintiff's counsel. An action plan was mentioned during Farooq Shah's deposition. Dan Jenkins was the general manager of Midwest First Star's Rushville store. Shah testified that if a manager got a bad audit, an action plan could be made. Defendant's counsel has looked, and no April 2010 action plan for Jenkins was found. Given that Shah never testified that there was an action plan for Jenkins and defendant's counsel searched and found none, I find that this discovery dispute is moot.

**Ages of crew members hired/fired after Allen's termination.**

Plaintiff's counsel raised this issue during the June 20 telephone conference, but did not include it in his June 12 letter to plaintiff's counsel. During the telephone conference, plaintiff's counsel said that Kevin Curtis, a shift manager or general manager at Allen's store, testified he was told to hire younger employees and fire older employees. Following the conference, plaintiff's counsel sent an email stating that Curtis was a shift manager, not a general manager. He testified that he was told by management to look for high school girls to hire for the front line positions at the restaurant.

The email further states that Charles Crites, age 31, was hired to replace Allen as general manager.[1] He did not testify that management told him to hire young girls for the restaurant. He did recall hearing something about hiring young girls for the front line but

---

[1] Defendant maintains that Deborah Arledge, age 55, was hired to replace Allen.

3

said it was a rumor, not something he heard from management.

As the corrective email from plaintiff's counsel demonstrates , this issue should have been discussed with opposing counsel before bringing it to the court for resolution. On the present record, I conclude that plaintiff has failed to demonstrate that testimony taken late in the discovery period requires defendant to answer to this inquiry.

s/Mark R. Abel<br>
United States Magistrate Judge
